UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SCOTT D. OWENS, an individual,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　*Plaintiff*,　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
ATS PROCESSING SERVICES, LLC,　　　　　　)
d/b/a "Hertz Processing Services," a Delaware　)
limited liability company,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　*Defendant*.　　　　　　　　　　　　　　　　　　)

**COMPLAINT**

1.　　This is an action for damages arising under l5 U.S.C. § 1692 et seq., The Fair Debt Collection Practices Act ("FDCPA") which requires, inter alia, a debt collector to provide certain written disclosures within five days of an initial communication with a consumer in connection with the collection of any debt.

2.　　Upon information and belief, Defendant's violations are so widespread and pervasive that Plaintiff considers this action a matter of significant public importance. As such, and even though the FDCPA provides for attorneys' fees, Plaintiff does not intend to seek fees in this case for himself or his firm unless he is forced to retain additional counsel. Plaintiff's goal, instead, is to protect the citizens of the State of Florida from this Defendant and others like it, who relentlessly take advantage of automobile rental customers.

3. For instance, during the four year period between 2006 and 2010, Defendant unlawfully collected at least $11 million from customers, like Plaintiff, who rented automobiles from Hertz.[1]

4. Defendant's actions here not only affect individual consumers, but Florida's all-important tourist and hospitality industry as well.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. The FDCPA is a federal law. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff, Scott D. Owens ("Plaintiff"), is a natural person and consumer advocate who, at all times relevant to this action, was a resident of Broward County, Florida.

7. Plaintiff, as more fully described herein, is allegedly obligated to pay a personal or household debt to The Hertz Corporation and is therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Defendant ATS Processing Services, LLC d/b/a Hertz Processing Services ("Defendant")[2] is a Delaware limited liability company whose principal office is located at 1150 N. Alma School Rd., Mesa, AZ 85201 and whose registered agent for service of process is the

---

[1] http://www.courant.com/consumer/bottom-line/hc-bottom-line-hertz-platepass-20150514-column.html (Last accessed: September 29, 2017).

[2] To be clear, Defendant is *not* a subsidiary of The Hertz Corporation.

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. Defendant is a corporation that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, such as Hertz, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. This action arises from Defendant's attempt to collect from Plaintiff an allegedly delinquent household or personal debt allegedly owed to The Hertz Corporation.

11. Plaintiff rented an automobile from Hertz for his personal use between the dates of May 16, 2017 through May 22, 2017 while on vacation in Canada.

12. In furtherance thereof, Defendant, on or about August 5, 2017, sent Plaintiff a demand letter seeking payment in the amount of $16.83 --- two-thirds of this amount was for an "administrative fee" incurred to Hertz arising under the terms of a car rental agreement and the remainder was for an inadvertent toll charge incurred by Plaintiff which Hertz had already paid pursuant to the same agreement. The letter demanded payment not later than August 30, 2017.

13. The demand letter was the Defendant's initial communication with Plaintiff.

14. The demand letter failed to disclose that the communication was from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose.

15. The demand letter failed to written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the

consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. At no time since the initial communication on August 5, 2017 did Defendant sent Plaintiff a notice containing the aforementioned statements. In fact, the August 5, 2017 demand letter was the *only* letter or communication Defendant has had with Plaintiff.

17. U.S.C. § 1692g(a) imposes the following duty on debt collectors:

*Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1) the amount of the debt;*

*(2) the name of the creditor to whom the debt is owed;*

***(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;***

***(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and***

***(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.***

(emphasis added).

18. Further, 15 U.S.C. § 1692e(11) imposes upon debt collectors the duty to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

19. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt. *See generally, Brown v. Budget Rent-A-Car Systems, Inc.,* 119 F.3d 922 (11th Cir. 1997):

> The [FDCPA] defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) . . . Extension of credit is not a prerequisite to the existence of a debt covered by the FDCPA."

20. In the above-mentioned *Brown* decision, the Eleventh Circuit, in a precedential decision, specifically held that an unpaid administrative fee (incurred under a consumer car rental agreement) was a "debt" and therefore fell within the ambit of the FDCPA.

**COUNT I - VIOLATION OF 15 U.S.C. § 1692e(11)**

21. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

22. In the initial communication with a consumer, § 1692e(11) requires the debt collector to include a statement that it "is attempting to collect a debt and that any information obtained will be used for that purpose ...." 15 U.S.C. § 1692e(11).

23. Defendant's initial communication failed to disclose this information, thus depriving Plaintiff of information he was legally entitled to receive.

24. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff, Scott D. Owens requests that the Court enter judgment in his favor against Defendant, American Traffic Solutions, Inc. for:

   a. Statutory damages pursuant to 15 U.S.C. §1692k;

   b. Litigation expenses, and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT II - VIOLATION OF 15 U.S.C. § 1692g

25. Plaintiff incorporates Paragraphs 1 through 20 as if fully set forth herein.

26. Section 1692g(a) requires that within five (5) days of an initial communication, a the debt collector must provide the consumer with a written notice containing, among other things, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Defendant's initial communication failed to disclose this information to Plaintiff, thus depriving Plaintiff of information he was legally entitled to receive. In fact, at no time has Defendant ever provided Plaintiff with the required disclosures.

28. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff, Scott D. Owens requests that the Court enter judgment in his favor against Defendant, American Traffic Solutions, Inc. for:

d. Statutory damages pursuant to 15 U.S.C. §1692k;

e. Litigation expenses, and costs of the instant suit; and

f. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff does not demand trial by jury.

Dated: September 30, 2017

Respectfully submitted,

*/s/ Scott D. Owens*
Scott D. Owens, Esq. (Fla. Bar No. 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
Scott@scottdowens.com