**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

SCOTT D. OWENS,

    Plaintiff,

v.

                                          Case No. 0:17-cv-61924-WPD

ATS PROCESSING SERVICES, LLC,

    Defendant.

_____/

**DEFENDANT ATS PROCESSING SERVICES, LLC'S MOTION TO DISMISS
COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant ATS Processing Services, LLC (ATS) moves to dismiss Plaintiff Scott D. Owens's Complaint (Doc. # 1) with prejudice[1] for two interrelated reasons: (1) Owens failed to allege the debt at issue was in default, which is fatal to his claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*, and (2) Owens cannot cure that fatal defect through amendment because the debt simply was not in default, as established by Owens's own allegations and the communication on which his complaint is premised. Therefore, ATS respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

**I.**   **Central Allegations Taken as True for the Court's Decision on this Motion Only**

Owens rented a car from The Hertz Corporation while on vacation in Canada between May 16, 2017, and May 22, 2017. (Doc. # 1 at ¶ 11). During his rental period, Owens incurred

---

[1] ATS also moves to dismiss the Complaint because Owens has not served ATS Processing Services, LLC. He served non-party American Traffic Solutions, LLC. Separately, Owens alleges that ATS Processing Services, LLC performed the conduct at issue; yet, Owens prays for a judgment against non-party American Traffic Solutions, Inc. Either of these grounds would warrant dismissal, albeit without prejudice. In light of the dispositive issues addressed herein, however, dismissal should be with prejudice on the grounds stated in the body of the motion.

1

two toll charges, one at 3:33 p.m. on May 20, 2017, and the second at 2:02 a.m. on May 21, 2017. (*Id.* at ¶ 12; Ex. A at 2).[2] Under the express terms of Owens's rental agreement with Hertz, in the event that Owens incurred any toll charge, he agreed to be financially responsible for his tolls and pay an administrative fee. (Doc. # 1 at ¶ 12; Ex. B).  Owens alleges that Hertz paid the toll charges he incurred during his rental pursuant to his rental agreement with Hertz. (*Id.*).

On August 5, 2017, ATS sent Owens a Notice of Toll Amount and Administrative Fee for Rental Car Toll Charge. (Doc. # 1 at ¶ 12; Ex. A at 1). As to this activity, Owens alleges that ATS "is a corporation that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted owed or due another, such as Hertz, and is therefore a 'debt collector.'" (Doc. # 1 at ¶ 9).

Significantly, though, Owens alleges that this same August 5, 2017 Notice was the "initial," *i.e.*, first, communication with Owens concerning the toll and fee that he had previously agreed to be charged for tolls incurred during his car rental pursuant to the terms of his rental agreement. (*Id.* at ¶ 13). In other words, this action centers on the *one and only* communication with Owens to collect the tolls charges and administrative fees that he expressly agreed to pay when he rented his vehicle from Hertz. As to this alleged debt, Owens does not allege it was ever in default.

Against these allegations, Owens has sued ATS for allegedly violating the FDCPA. Specifically, Count I alleges ATS violated the requirements imposed on "debt collectors" by § 1692e(11) and Count II alleges ATS violated the requirements imposed on "debt collectors" by § 1692g. (*Id.* at 5-6).  Both Counts should be dismissed with prejudice as a matter of law.

---

[2] Exhibits A and B contain potentially sensitive, personal information, *e.g.*, the last four digits of Owens's credit card. In order to ensure privacy, ATS has redacted that information from Exhibits A and B.

2

113306735.3

## II. Standard for Evaluating Rule 12(b)(6) Motions

The Court must accept the well-plead allegations stated in the complaint as true, construe those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences from the allegations in favor of the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, "[t]he scope of review must be limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "There is an exception, however, to this general rule. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (stating, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

**III.     The Court Should Dismiss the Complaint With Prejudice**

This action should be dismissed with prejudice for the simple reason that Owens alleges the communication he complains of was the first communication he had following his rental to invoice him for the charges he agreed to pay associated with his rental. There are no allegations this alleged debt was in default, nor could there be. As explained below, this is fatal to Owens's FDCPA claims.

**A.     Applicable FDCPA Provisions and Case Authorities**

The FDCPA defines "debt" as "any obligation . . . of a consumer to pay money arising out of a transaction in which the money . . . or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Notably, there are several exclusions to the term "debt collector." The FDCPA explicitly excludes "any person collecting or attempting to collect *any debt owed or due or asserted to be owed or due another* to the extent such activity . . . concerns a debt *which was not in default at the time it was obtained by such person* . . . ." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). Although the FDCPA does not define the term "default," "courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding . . . ." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 87 (2d Cir. 2003). Unsurprisingly, then, default does not occur immediately upon payment becoming due. *Id.* Indeed, the "assertion [that] 'default' and 'outstanding' are synonymous is not a correct statement of the law." *Hamilton v. Acectus Health Care Sols., LLC*, No. 5:13-cv-01967-SGC, 2015 WL 5693610, at *8 (N.D. Ala. Sept. 29, 2015).

Because the FDCPA expressly excludes debt-servicing entities that obtain a debt prior to default, "to survive a motion to dismiss, a complaint must allege facts demonstrating that the defendant obtained the debt after the plaintiff was in default." *Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1249 (N.D. Ala. 2013) (dismissing FDCPA claim where complaint failed to allege debt was in default at time debt servicer obtained debt). Indeed, courts routinely dismiss complaints where there is no allegation that the debt was in default at the time defendant obtained the debt. *See, e.g.*, *Fenello v. Bank of Am., NA*, 577 Fed. App'x 899, 902 (11th Cir. 2014) (affirming dismissal of FDCPA claim because complaint failed to establish debt was in default at the time it was obtained by defendant); *Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055-BLOOM/Valle, 2017 WL 3732097, at *8 (S.D. Fla. Aug. 30, 2017) (stating, "because Plaintiff has failed to allege that his [debt] was in default at the time it was assigned to Defendant, Defendant does not qualify as a debt collector under the FDCPA" and dismissing FDCPA claim with prejudice); *Delisfort v. U.S. Bank Tr., N.A.*, No. 16-60730-Civ-Scola, 2017 WL 1337620, at *2 (S.D. Fla. Feb. 7, 2017) (stating that failure to allege the debt was in default when it was obtained by defendant was "fatal to [plaintiffs'] claims" (citing *Bush v. J.P. Morgan Chase Bank*, No. 15-00769, 2016 WL 324993, at *6 (N.D. Ala. Jan. 27, 2016) (dismissing FDCPA claim because complaint had no factual allegations supporting conclusion that debt was in default when defendant began servicing debt))); *Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 801-02 (S.D.N.Y. 2011) ("[T]he [complaint] does not allege that the loans of the named plaintiffs were in default at the time Chase 'obtained' those loans. As a result, Chase is excluded from the definition of 'debt collector' under the statute.").

> **B.     ATS is Excluded from the Definition of Debt Collector Because the Debt Was Not in Default, Therefore the Complaint Should be Dismissed With Prejudice**

Owens bases this entire action on the premise that, because ATS sent him the initial invoice for the fees he agreed to pay when he rented the vehicle from Hertz, he can establish a statutory debt-collector violation under the FDCPA. But in doing so, Owens overlooks the plain language of 15 U.S.C. § 1692a(6)(F)(iii) and the authorities above. Owens cannot state a viable claim against ATS as a "debt collector" under the FDCPA unless he can allege that his debt was in default at the time ATS obtained the debt. He has not done that here. The Complaint should be dismissed.

The only remaining question for the Court is whether dismissal should be with leave to amend or with prejudice. ATS submits that dismissal with prejudice is appropriate because amendment would be futile under the facts of the case—specifically, Owens cannot change the fact that the communication he points to was the initial invoice for the charges he agreed to pay, and that the debt could not, as a matter of law, have been in default at that time.

Here, the August 5, 2017 Notice that was sent to Owens, which is attached to this Motion as Exhibit A, demonstrates the debt was not in default at the time ATS obtained it and billed him for it. The Court may consider this document, and the rental agreement attached as Exhibit B, even though they were not attached to the Complaint, because they are central to Owens's claim, directly referenced in the Complaint, and their authenticity cannot be disputed. *See Brooks*, 116 F.3d at 1369. The Notice shows the due date as August 30, 2017, which was a full 25 days ***after*** ATS sent the Notice. A debt cannot be in default before it is even owed. Accordingly, there is no good-faith basis for amending the Complaint. Because the debt was not in default at the time it was obtained, ATS is statutorily excluded from the definition of a debt collector.

The Court should therefore dismiss the Complaint with prejudice because the debt was not in default and Owens cannot allege facts showing the debt was ever, at any point, in default. *See Scott*, 2017 WL 3732097, at *9 (dismissing FDCPA claim with prejudice because complaint failed to allege debt was in default at the time it was obtained by defendant).

## Conclusion

This action should be dismissed with prejudice because Owens failed to allege the debt at issue was in default and he cannot amend his Complaint to cure that fatal defect. If, however, the Court disagrees with *Scott*, the Complaint should still be dismissed because Owens failed to properly serve ATS Processing Services, LLC. And, even if leave to amend is granted, Owens should be ordered to (1) plead *facts* showing the debt was in default; and, (2) identify the specific entity he is seeking to hold responsible, as he has named different entities in the caption and the body (ATS Processing Services, LLC) and the ad damnum clause for judgment (American Traffic Solutions, Inc.) but he has not served process on either of these entities.

Dated: November 14, 2017.

Respectfully submitted,

**CARLTON FIELDS JORDEN BURT, P.A.**

/s/  *Kevin P. McCoy*
Kevin P. McCoy
Florida Bar No. 0036225
kmccoy@carltonfields.com
Fentrice D. Driskell
Florida Bar No. 0833851
fdriskell@carltonfields.com
Carlton Fields Jorden Burt, P.A.
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL  33607
Tel: (813) 223-7000
Fax: (813) 229-4133
*Attorneys for Defendant ATS Processing Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on November 14, 2017, on all counsel or parties of record on the Service List below.

/s/ Kevin P. McCoy
Kevin P. McCoy

## SERVICE LIST

Scott D. Owens, Esq.
Scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
Attorney for Plaintiff *Scott D. Owens*

113306735.3